PUBLIC CITIZEN, Plaintiff,

v.

OFFICE OF the UNITED STATES TRADE REPRESENTATIVE, Defendant.

Civ. A. No. 92–0659.

United States District Court, District of Columbia.

Nov. 6, 1992.

---

Patti Goldman, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Susan A. Nellor, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a Freedom of Information action that comes before the Court on cross-motions for summary judgment. Defendant United States Trade Representative ("USTR") regularly submits to panels convened pursuant to the General Agreement on Tariffs and Trade ("GATT") proposals to resolve specific trade disputes between the United States and other GATT member countries. USTR also receives decisions of those panels prior to the time when the panel decisions are adopted by the membership of the GATT Council. Plaintiff seeks immediate access on a regular basis to the panel submissions and panel decisions. The motions for summary judgment have been fully briefed, including papers relating to a proposed final judgment submitted by plaintiff Public Citizen. There are no material facts in dispute.

## I. PROCEDURAL BACKGROUND

GATT is an international agreement governing trade between countries that, like the United States, have agreed to submit to its jurisdiction. When contracting countries are unable to resolve a trade dispute among themselves, they may refer the dispute to a panel established by the GATT Council. The panel accepts briefs and hears argument, and eventually issues a final report. That report is then submitted to the GATT Council for approval after the parties have had a chance to review the panel decision and attempt to resolve their dispute.

Beginning in August 1991, plaintiff submitted a series of requests under the Freedom of Information Act ("FOIA") to the USTR, the United States' representative before GATT panels, requesting submissions and panel decisions relating to the United States' involvement in four controversies being resolved by GATT panels. When USTR did not comply, plaintiffs brought this action, originally seeking enforcement of its FOIA requests and a ruling that defendant's failure to release what it had submitted to the panels in a timely manner was arbitrary and capricious. Plaintiff later moved to amend its complaint to demand as well that defendant release, on a regular basis, the panel decisions prior to their consideration by the GATT Council and the material submitted by USTR to the panels.

## II. COUNT ONE

Subsequent to plaintiff's filing of its motion for summary judgment, defendant released all information responsive to plaintiff's FOIA requests. Both parties agree that Count One of the amended complaint, which relates to these FOIA requests, is now moot. The Court so holds.

## III. FUTURE SUBMISSIONS AND PANEL DECISIONS

As the amended complaint makes clear, plaintiff is not simply challenging the agen-

cy's decision to withhold or delay disclosure of a specific set of records. Rather, it challenges the agency's policy to withhold temporarily, on a regular basis, certain types of documents that plaintiff expects to request under FOIA on a routine basis. Plaintiff obviously wishes to avoid the expense and delay presently caused by USTR's practice, which will recur on a case by case basis without providing plaintiff with adequate opportunity to seek a definitive appellate ruling. This Circuit has indicated sympathy for plaintiff's situation, stating:

> So long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit.

*Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C.Cir.1988). It is undisputed here that USTR has withheld and will in the future deliberately withhold, at least temporarily, certain records from plaintiff. Plaintiff argues that this practice is impermissible under FOIA. This Court has jurisdiction over plaintiff's claim under 5 U.S.C. § 552(a)(4)(B), which allows a Court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

## A. Panel Submissions

■ The first set of documents that defendant is withholding is the submissions it makes to the GATT panels. Plaintiff argues that those submissions must be made available for "inspection and copying" according to published rules, because they are "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register." 5 U.S.C. § 552(a)(2)(B).

Plaintiffs have made an adequate showing, by providing examples of submissions that clearly contain interpretive statements, that these submissions contain statements of policy and interpretations adopted by USTR. The submissions constitute the agency's interpretation of the United States' international legal obligations, even if not personally approved by the Trade Representative herself. As such, they inevitably will have been subject to review by agency personnel in accordance with government policies.[1] Although the submissions may provide descriptive information on trade and industry practices in addition to statements of policy or interpretations, FOIA's affirmative disclosure provisions require the release of documents that contain such statements only in part. *Bristol–Myers Co. v. Federal Trade Comm'n*, 598 F.2d 18, 28 (D.C.Cir. 1978). USTR has not carried its burden, in light of plaintiff's assertions and evidence, of showing why the submissions are not statements of policy and interpretations subject to affirmative disclosure. The submissions must therefore be released, subject to any exemptions that USTR may claim under 5 U.S.C. § 552(b).

## B. Panel Decisions

Defendant argues that the GATT panel decisions, prior to the adoption of those decisions by the GATT Council, are exempted from FOIA disclosure by GATT dispute-resolution procedures. While it is apparent that the panel decisions are not subject to the inspection and copying provisions of 5 U.S.C. § 552(a)(2), because they are not final opinions, interpretations, or statements of policy by the agency, this finding does not resolve the question of whether or not they must be released pursuant to a FOIA request under 5 U.S.C. § 552(a)(3), which requires prompt release of non-exempt records.

---

**1.** For example, the First Submission of the United States to the Panel on United States Measures Affecting Yellowfin Tuna Produced by Mexico in the Eastern Tropical Pacific Ocean clearly sets forth how the United States interprets its obligations under GATT. Plaintiff's Exhibit 19, at 1 ("The United States considers that its requirements for yellowfin tuna produced in the eastern tropical Pacific Ocean are fully and completely consistent with its obligations under the GATT."). ·

■ It is well established that when an agency seeks to withhold documents sought in a FOIA request, the burden is on the agency to invoke a specific exemption under 5 U.S.C. § 552(b) to justify its decision not to release those documents. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Here, the USTR has not pointed to any specific FOIA exemption to explain why the panel decisions should be withheld. Rather, the USTR has asserted that GATT rules forbid disclosure. Under FOIA, however, the only exemptions beyond those specifically listed in section 552(b) that can protect against disclosure are those found in Executive Orders for classifying national security documents, *see* 5 U.S.C. § 552(b)(1), and in other statutes providing with particularity the criteria for disclosure of certain specific documents, *see* 5 U.S.C. § 552(b)(3). No Executive Order cited by USTR prevents disclosure of the panel decisions, which come into possession of USTR in the ordinary course of its activities. Nor does any statute preclude disclosure.

■ The GATT provisions themselves do not justify defendant's withholding either the panel submissions or the panel decisions. The GATT procedural rules favor confidentiality of these materials, but do not require it. General Agreement on Tariffs and Trade: Decisions Adopted at the Mid–Term Review of the Uruguay Round, Apr. 8, 1989, 28 I.L.M. 1023, 1033, 1038 (1989) (panel submissions kept confidential unless panel members agree otherwise after consulting with parties). Even if GATT provisions were to meet the statutory criteria set forth in 5 U.S.C. § 552(b)(3), however, the GATT and its subsequent modifications are not Senate-ratified treaties, and they therefore do not have the status of statutory law. *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 966 F.2d 660, 668 (Fed.Cir.1992) ("The GATT does not trump domestic legislation;"); *Foster v. Neilson*, 27 U.S. (2 Pet.) 253, 314, 7 L.Ed. 415 (1829); *see also* Note, *Judicial*

*Enforcement of International Law Against the Federal and State Government*, 104 Harv.L.Rev. 1269, 1270 (1991).[2] The provisions of FOIA, a federal statute, thus prevail over GATT, and the panel submissions and decisions in the possession of federal agencies must be released promptly upon receipt of a proper FOIA request unless protected by a specific exemption under 5 U.S.C. § 552(b).

## IV. CONCLUSION

The USTR's effective representation of the United States before international regimes such as the GATT is of public importance. While USTR must confront sensitive issues of trade and policy under GATT, FOIA creates a presumption in favor of public access, for reasons previously stated. GATT submissions and panel decisions must therefore be disclosed according to the terms set forth in this opinion. It is not appropriate at this time, however, to foreclose USTR from properly asserting FOIA exemptions for future submissions and panel decisions. Many problems cannot now be resolved. Exemptions may apply to commercial privacy or national security materials in segments of the documents or even within interpretive portions. Moreover, the Court has not been sufficiently exposed to the volume, variety, and nature of the requested materials to anticipate other similar problems that may be lurking. It is too soon for a general order of the scope plaintiff has requested.

While the Court has no jurisdiction to order a rulemaking as requested, the issues would certainly be sharpened for future resolution if USTR adopted rules and procedures governing the timing and process of releasing documents based on its expertise and abandoned stonewalling, which in the long run is unlikely to prevail.

---

**2.** In addition, under the Trade Agreements Act of 1979, provisions of trade agreements approved by Congress that conflict with federal statutes shall not be given effect under the laws of the United States. 19 U.S.C. § 2504(a).